IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERATION BRANDS, LLC, <br> VISUAL COMFORT OF AMERICA, LLC <br> D/B/A VISUAL COMFORT & CO., <br> MURRAY FEISS IMPORT, LLC, <br> SEA GULL LIGHTING PRODUCTS, LLC <br><br> Plaintiffs, <br><br> v. <br><br> DECOR SELECTIONS, LLC, A NEW JERSEY LIMITED LIABILITY COMPANY <br><br> and <br><br> LIGHTING COMMERCE, LLC, A NEW YORK LIMITED LIABILITY COMPANY <br><br> and <br><br> LARRY KRAYZMAN, INDIVIDUALLY, <br><br> Defendants. | CASE NO: 19-6185 <br><br> JUDGE: <br><br><br><br> **JURY DEMAND** |

## COMPLAINT

Plaintiffs, Generation Brands, LLC ("***Generation Brands***"), Visual Comfort of America, LLC d/b/a Visual Comfort & Co. ("***Visual Comfort***"), Murray Feiss Import LLC ("***Murray Feiss***"), and Sea Gull Lighting Products, LLC ("***Sea Gull***") (together, the "***Plaintiffs***"), by and through counsel, and for their Complaint against Defendants Decor Selections, LLC ("***Decor Selections***"), Lighting Commerce, LLC ("***Lighting Commerce***") and Larry Krayzman ("***Krayzman***") (together, the "***Defendants***"), state as follows:

## INTRODUCTION

1. Defendants are engaged in the unauthorized sale of products designed, manufactured, and distributed by, and infringing upon the intellectual property of, Plaintiffs. These unauthorized sales and infringing activities are illegal, have harmed, and will continue to harm Plaintiffs.

## PARTIES

2. Plaintiff Generation Brands, LLC, is a Delaware limited liability company with its principal place of business at 7400 Linder Avenue, Skokie, Illinois 60077. Plaintiff Generation Brands, LLC, designs, manufactures, and distributes quality interior and outdoor lighting fixtures, lamps, and related products (collectively, the "**Products**"), and its sole member is Quality Home Brands Holding, LLC.

3. Plaintiff Visual Comfort of America, LLC, d/b/a Visual Comfort & Co. is a Texas limited liability company with its principal place of business at 22400 Northwest Lake Dr., Houston, TX 77095. Visual Comfort of America, LLC d/b/a Visual Comfort & Co.'s sole member is 40 Clarkson Holdings, LLC.

4. Plaintiff Murray Feiss Import, LLC, is a Delaware limited liability company with its principal place of business at 7400 Linder Avenue, Skokie, Illinois 60077. Murray Feiss Import, LLC's sole member is Generation Brands, LLC.

5. Plaintiff Sea Gull Lighting Products, LLC, is a Delaware limited liability company with its principal place of business at 7400 Linder Avenue, Skokie, Illinois 60077. Sea Gull Lighting Products, LLC's sole member is Generation Brands, LLC.

6. Decor Selections, LLC, is a New Jersey limited liability company with its principal place of business 1750 Brielle Avenue, #5, Ocean, New Jersey 07712.

7. Lighting Commerce, LLC, is a New York limited liability company with its principal place of business at 244 Fifth Avenue, Suite 2522, New York, New York 10001.

8. Larry Krayzman is an individual believed to reside at 55 Mindy Lane, Eatontown, New Jersey 07712. Upon information and belief, Mr. Krayzman exercises exclusive control over Defendants Decor Selections and Lighting Commerce.

9. Defendants are selling Plaintiffs' products (the "**Infringing Products**") and using Plaintiffs' proprietary intellectual property in connection with such sales without the authority or consent of Plaintiffs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367.

11. Pursuant to 735 ILCS 5/2-209(a)(2), this Court has personal jurisdiction over Defendants because Defendants have caused tortious injury in the State of Illinois.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants operate an interactive webpage which permits sales to foreign residents, and upon information and belief, Illinois residents have purchased Infringing Products from Defendants.

## BACKGROUND

### *Plaintiffs' Business*

13. Plaintiffs sell the Products exclusively through authorized distributors (each, a "*Dealer*" and together, "*Dealers*").

14. As a condition of sale, a Dealer must abide by Plaintiffs' Resale Policy and Group Internet Dealer Policy (the "***Policies***").

15. Plaintiffs use the Policies to promote fair competition among Dealers, ensure the quality of their Products, ensure customer satisfaction, and to protect their brand, goodwill, and valuable intellectual property, including their proprietary images, designs and content ("***Content***"), the trade names and trademarks, and registered trademarks VISUAL COMFORT & CO.®, FEISS®, SEA GULL LIGHTING®, and MONTE CARLO®.

16. Plaintiffs own many trademarks used in connection with the products. As a result of Plaintiffs' use of these marks on their products in commerce, Plaintiffs own common law trademarks rights in these trademarks. Many of Plaintiffs' marks are also registered with the U.S. Patent and Trademark Office on the Principal Register. The following registered marks are collectively referred to herein as the "***Trademarks***."

| Registration Number | Registered Trademark | Owner |
| --- | --- | --- |
| 4371389 | VISUAL COMFORT & CO. | Visual Comfort of America, LLC d/b/a Visual Comfort & Co |
| 5666425 | FEISS | Murray Feiss Import, LLC |
| 2245282 | SEA GULL LIGHTING | Sea Gull Lighting Products, LLC. |
| 2199289 | MONTE CARLO | Sea Gull Lighting Products, LLC |

17. The Policies limit Dealers' use of the Content and Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products.

18. The Policies permit sales of the Products only to retail consumers and expressly prohibit sales to unauthorized distributors.

19. The Policies are designed to protect the Content from unauthorized reproduction, distribution, or changes, and to protect the Trademarks from dilution and any likelihood of consumer confusion.

20. Plaintiffs' warranty protections are void when unauthorized sellers like Defendants sell the Infringing Products in violation of the Policies and without Plaintiffs' consent, which materially alters the Products.

### ***Defendants Begin Selling the Products Without Authorization***

21. None of the Defendants are a Dealer.

22. At least since March, 2019, Plaintiffs have been aware, and have so notified Defendants, that Defendants were selling Infringing Products and using Plaintiffs' Content and Trademarks without authorization and without Plaintiffs' consent.

23. Defendants sell the Infringing Products online through their website "www.lightingmerchant.com" and possibly other websites.

24. Upon information and belief, Defendants purchase the Infringing Products from one or more Dealers and sell the Infringing Products to retail consumers.

25. Upon information and belief, the Dealers from whom Defendants purchase the Infringing Products are bound by the Policies.

26. Upon information and belief, Defendants induce Dealers to sell the Infringing Products to Defendants in violation of the Policies.

27. Upon information and belief, Defendants cannot provide the high-quality customer service and satisfaction that has come to be associated with the Trademarks.

28. Upon information and belief, as of the date of this filing, Defendants continue to interfere with and violate Plaintiffs' contractual and intellectual property rights.

### *Plaintiffs Demand Defendants Cease Selling the Products*

29. On March 11, 2019, Plaintiffs' counsel sent a letter informing Defendants that they were, *inter alia*, selling the Infringing Products without authorization and that such sales violated Plaintiffs' rights in the Content and the Trademarks (the "**Letter**"). The Letter is attached as Exhibit A.

30. The Letter also put Defendants on notice of Plaintiffs' claims, and requested that Defendants cease such conduct immediately.

31. On March 15, 2019, Defendants' counsel responded to the Letter and denied violating any of Plaintiffs' rights.

32. As of the date of this filing, and despite demand, Defendants have failed to cease selling the Infringing Products and continue to violate Plaintiffs' rights. Evidence of Defendants' continued sales after receiving the Letter is attached as Exhibits B, C, D, and E.

33. Defendants' continued use of the Content and Trademarks after receiving the Letter willfully infringes on Plaintiffs' rights in the Content and Trademarks.

### Count One
### Declaratory Judgment

34. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

35. An actual and justiciable controversy exists between Plaintiffs and Defendants related to whether Defendants have the right to sell the Infringing

Products without Plaintiffs' consent and in violation of Plaintiffs' rights in the Trademarks.

36. The Court, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, should declare that Defendants have no right or authorization to sell the Infringing Products, or use the Trademarks, as these actions have harmed and continue to harm Plaintiffs in an amount to be determined at trial.

37. Such a declaration is proper, pursuant to 28 U.S.C. § 2201(a), because it would eliminate an "actual controversy" with respect to the parties' rights to sell the Products and use the Trademarks.

## Count Two
## Unfair Competition

38. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

39. Defendants' actions, including, but not limited to, their unauthorized sale of the Infringing Products and unauthorized use of the Trademarks constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(c).

40. Defendants' actions have damaged Plaintiffs in the form of, *inter alia*, lost sales, interference with prospective business relationships, trademark infringement, dilution by blurring, and dilution by tarnishment.

41. As a direct and proximate cause of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

42. Defendants' acts of unfair competition have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law for Defendants' unfair competition.

## Count Three
### Tortious Interference with Contract

43. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

44. The Policies are valid binding contracts between Plaintiffs and Dealers.

45. At least since receiving the Letters, Defendants have been aware of these contracts and the prohibition against bulk sales purchased by unauthorized distributors.

46. Despite this knowledge, Defendants induced such Dealers to sell the Products to Defendants in breach of the Policies.

47. Defendants improperly interfered with Plaintiffs' contractual relationships with its Dealers.

48. As a direct and proximate cause of Defendants' interference, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Trademark Infringement (15 U.S.C. § 1117)

49. Plaintiffs hereby incorporates each and every preceding paragraph as if fully restated herein.

50. Plaintiffs are the owners of the Trademarks (e.g. VISUAL COMFORT & CO.®, FEISS®, SEA GULL LIGHTING®, and MONTE CARLO®).

51. Defendants use the Trademarks in connection with their sales of the Infringing Products without Plaintiffs' authorization or consent.

52. The Infringing Products differ materially from the Products and, as a result, infringe upon Plaintiffs' valuable intellectual property in the Trademarks.

53. Defendants' use of the Trademarks is likely to cause confusion among consumers as to the source and origin of the Infringing Products.

54. Plaintiffs informed Defendants that their sales of the Infringing Products infringed on Plaintiffs' rights in the trade name and Trademarks.

55. Defendants' continued use of the trade name and Trademarks constitutes willful trademark infringement pursuant to 15 U.S.C. § 1117.

56. Defendants' intentional and willful infringement of the Trademarks has caused harm and will continue to cause harm to Plaintiffs, and is causing substantial, immediate, and irreparable harm to Plaintiffs for which there is no adequate remedy at law.

57. As a result, Plaintiffs have suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Five
## Illinois Deceptive Trade Practices (815 ILCS 505/2)

58. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

59. Defendants willfully engaged in deceptive trade practices.

60. Defendants' unauthorized use of the Trademarks is willful, misleading and likely to cause confusion as to the source of the Infringing Products in violation of 815 ILCS 505/2.

61. Defendants' unauthorized use of the Trademarks creates the misperception that Defendants and Plaintiffs are affiliated, which violates 815 ILCS 505/2.

9

62. As a result, Plaintiffs have suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiffs pray for judgment as follows:

A. As to Count One, declare that Defendants have violated Plaintiffs' rights by, and permanently enjoin Defendants from, selling the Products without authorization or consent, and using the Trademarks;

B. As to Count Two, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendants of their revenues received from all unauthorized sales of the Products, and permanently enjoin Defendants from unfairly competing with Plaintiff' by selling the Products and using the Trademarks;

C. As to Count Three, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, and subject to a trebling of damages pursuant to 15 U.S.C. § 1117(b), as well as attorney fees and costs, disgorge Defendants of their revenues received from all unauthorized sales of the Products, and permanently enjoin Defendants from interfering with Plaintiffs' contractual relationships with its Dealers;

D. As to Count Four, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendants of their revenues received from all unauthorized sales of the Products, and permanently enjoin Defendants from using, and infringing upon, Plaintiffs' rights in the trade name and Trademarks; and

E. As to Count Five, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendants of their revenues received from all unauthorized sales of the Products, and permanently enjoin Defendants from using the Trademarks without authorization in violation of 815 ILCS 505/2.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Date: September 16, 2019      Respectfully submitted,

**MARSHALL, GERSTEIN & BORUN LLP**
*/s/ Julianne M. Hartzell*
Gregory J. Chinlund
Julianne M. Hartzell
233 S. Wacker Drive, Suite 6300
Chicago, Illinois 60606-6357
Phone: (312) 474-6300
Fax: (312) 474-0448
gchinlund@marshallip.com
jhartzell@marshallip.com


**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon W. Groza*
JON W. GROZA (Pro Hac Vice Pending)
SEAN P. MALONE (Pro Hac Vice Pending)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jwg@kjk.com; spm@kjk.com

*Counsel for Plaintiffs*