IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERATION BRANDS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 19 C 6185 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| DECOR SELECTIONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion for leave to serve ten additional interrogatories beyond Fed.R.Civ.P. 33's limit of 25 and ten additional requests to admit beyond the court's standing order's limit of 25. The defendant opposes the motion, which, it should be recalled, is committed to the court's broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Indeed, on a virtually identical set of facts, two decision makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion and both be affirmed on appeal. *Mejia v. Cook County, Ill.,* 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks,* 546 F.3d 507, 508 (7th Cir.2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

Rule 33 was amended in 1993 to reduce the frequency and efficiency of interrogatory practice since the device can be costly and may be used as a means of harassment. Advisory Committee's Note to the 1993 Amendment to Rule 33. *See also Duncan v. Paragon Pub., Inc*., 204 F.R.D. 127, 128 (S.D. Ind. 2001); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D.Cal.1998). In order to exceed the prescribed limit, a party must make a particularized showing

of need. *Smith v. Premiere Valet Servs., Inc.*, 2020 WL 7034346, at *8 (C.D. Cal. 2020); *Doe v. Town of Greenwich*, 2020 WL 2374963, at *2 (D. Conn. 2020); *Mall v. Merlo*, 2019 WL 2521165, at *1 (S.D. Ohio 2019); *Hammond v. Biolife Plasma Servs., L.P.*, 2018 WL 4963403, at *2 (S.D. Ind. 2018); *Douglas v. Harry N. Abrams, Inc.*, 2016 WL 11645646, at *4 (S.D.N.Y. 2016) *Powell v. The Home Depot USA, Inc., & Industriaplex, Inc.*, 2008 WL 2473748, at *5 (S.D. Fl. 2008); *Duncan v. Paragon Publ'g, Inc.*, 204 F.R.D. 127, 128-29 (S.D. Ind. 2001). Plaintiff explains that through discovery, it has learned the identities of the suppliers who were providing Plaintiffs' products to defendants, and points out that it has added copyright infringement claim in a Second Amended Complaint Judge Chang allowed over defendants' objections. [Dkt. #92].

I find the plaintiff's showing to be adequate. In so finding, I note that defendants argue that plaintiff ought to have held back some discovery requests with the knowledge that they would learn the names of suppliers eventually. But defendants, until only recently, were thwarting any attempts plaintiff made into discovery regarding suppliers. [Dkt. #104]. As for plaintiff's copyright claims and whether they had planned on asserting them all along, as defendants claim, the fact remains that they were only recently made a part of this case. In addition, here, as in all cases, "saying so doesn't make it so." *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir.2010). *See also Donald J. Trump for President, Inc. v. Pennsylvania*, 2020 WL 7012522, at *1 (3d Cir. 2020); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018). The plaintiff's motion [Dkt. #112] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/7/21